CHARLES MCGOWAN *v.* GENERAL DYNAMICS CORPORATION/ELECTRIC BOAT DIVISION ET AL.
(13520)

SEBASTIAN SEMATARO *v.* GENERAL DYNAMICS CORPORATION/ELECTRIC BOAT DIVISION ET AL.
(13519)

PETERS, C. J., CALLAHAN, COVELLO, HULL and MENT, Js.

Argued March 8—decision released April 4, 1989

*Stephen C. Embry,* for the appellant (plaintiff in the first case).

*Matthew Shafner,* with whom, on the brief, were *Carolyn P. Kelly* and *Mark Oberlatz,* for the appellant (plaintiff in the second case).

*Lucas D. Strunk,* with whom, on the brief, was *James L. Pomeranz,* for the appellees (defendants in both cases).

PER CURIAM. These joint appeals involve the relationship of disability benefits under two overlapping statutes, the federal Longshore and Harbor Workers' Compensation Act (LHWCA) and the Connecticut Workers' Compensation Act. The plaintiffs, Charles McGowan and Sebastian Semataro, were each injured while working for the defendant, General Dynamics Corporation/Electric Boat Division.[1] Each plaintiff collected benefits under LHWCA relating to his injury that exceeded, in their totality, the amount to which each plaintiff was entitled under workers' compensation. Each then claimed an entitlement to recover additional scarring benefits, pursuant to General Statutes § 31-308 (d), despite the general rule that payments under one compensation scheme are to be credited against benefits collectible under the other. Because LHWCA's compensation scheme does not include awards for scarring, the workers' compensation commission held additional benefits for this separate category to be separately compensable. The defendants were unsuccessful in their appeal of these scarring awards to the compensation review division.

On further appeal to the Appellate Court, the defendants prevailed in their contention that the awards for scarring were improper because a category by category credit scheme would result in impermissible double recovery in violation of federal law. *McGowan* v. *Gen-*

---

[1] The defendant's insurer, Aetna Life and Casualty, is a codefendant in each appeal.

*eral Dynamics Corporation/Electric Boat Division,* 15 Conn. App. 615, 618–25, 546 A.2d 893 (1988). We granted certification limited, in each appeal, to the following issue: "Did the Appellate Court correctly conclude, in the circumstances of this case, that disability benefits paid under LHWCA should be credited against the plaintiff's Connecticut disability benefits?" *McGowan* v. *General Dynamics Corporation/Electric Boat Division,* 209 Conn. 813, 550 A.2d 1083 (1988); *Semataro* v. *General Dynamics Corporation/Electric Boat Division,* 209 Conn. 814, 550 A.2d 1083 (1988).

After examining the record on appeal, and after considering the briefs and arguments of the parties, we conclude that the judgments of the Appellate Court must be affirmed. The issue on which we granted certification was properly resolved in the thoughtful and comprehensive opinion of the Appellate Court. It would serve no useful purpose for us to repeat the discussion therein contained.

Affirmed.